# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD FULLER, | CASE NO. 1:05-CV-0867-AWI DLB-P |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND |
| v. | |
| DR. SMITH, et al., | |
| Defendants. | |

I.   Screening Order

    A.   Screening Requirement

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on July 5, 2005.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.    Summary of Plaintiff's Complaint

The events at issue in the instant action allegedly occurred at Tehachapi State Prison, where plaintiff was incarcerated. Plaintiff names Dr. Smith and Dr. Nicholson as defendants. Plaintiff alleges that on January 17, 2005, he was attacked and injured by three inmates. Plaintiff's nose, jaw and ribs were fractured. Plaintiff states that he was taken to Mercy Hospital where defendant Dr. Nicholson performed surgery. Plaintiff alleges that on February 2, 2005, the wires and screws placed in plaintiff's mouth by Dr. Nicholson came out causing plaintiff to suffer excruciating pain. Plaintiff states that he could not close his mouth or eat. Plaintiff states that on February 2, 2005, defendant Dr. Smith saw the condition of plaintiff's mouth and saw that plaintiff was in excruciating pain but failed to provide any treatment or relief. Plaintiff alleges that Dr. Smith wrote in his file that plaintiff needed an emergency transport to see Dr. Nicholson but failed to give plaintiff any care or treatment. Plaintiff states that he was not transported to Mercy Hospital until February 8, 2005. Plaintiff alleges he was forced to suffer pain and was unable to eat during this time.

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a

deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff's allegations against Dr. Nicholson fail to rise to the level of deliberate indifference. While Dr. Nicholson's work on plaintiff may have been negligent, as discussed, negligence is insufficient to establish deliberate indifference. Based on plaintiff's allegations, Dr. Nicholson treated him and performed surgery. Plaintiff's dissatisfaction with the care he received from Dr. Nicholson does not constitute a constitutional violation.

However, plaintiff's allegations against Dr. Smith are sufficient to state a cognizable claim deliberate indifference to a serious medical need in violation of the Eighth Amendment. Accordingly, plaintiff may either file an amended complaint to attempt to cure the deficiencies with regard to his allegations against Dr. Nicholson or proceed only against Dr. Smith.

If plaintiff chooses to file an amended complaint, he is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original

1  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

2      Accordingly, based on the foregoing, it is HEREBY ORDERED that within 30 days of this
3  order, plaintiff must either advise the Court that he wants to proceed with his claim against Dr. Smith
4  only or he must file an amended complaint.

6      IT IS SO ORDERED.

7      **Dated:    April 28, 2006**              **/s/ Dennis L. Beck**
   3b142a                                UNITED STATES MAGISTRATE JUDGE